## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

**KOREY BLAYKE CYFERS, on behalf**
**of himself, and others similarly situated,**

       **Plaintiffs,**

**v.**
                                    2:18-cv-1127

**COLLINS CAREER CENTER D/B/A**
**COLLINS CAREER TECHNICAL CENTER,**
**BOARD OF DIRECTORS COLLINS CAREER CENTER**
**D/B/A COLLINS CAREER TECHNICAL CENTER, AND**
**WEST VIRGINIA FIRE COMMISSION,**
**OFFICE OF THE STATE FIRE MARSHALL,**

       **Defendants.**

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. 1441(a), Defendant Lawrence County Joint Vocational School District, incorrectly named in the Complaint as "Collins Career Center d/b/a Collins Career Technical Center and Board of Directors Collins Career Center d/b/a Collins Career Technical Center" (hereinafter Lawrence County JVSD), by counsel, has removed the above-captioned action from the Circuit Court of Kanawha County, West Virginia to the United States District Court for the Southern District of West Virginia.  As grounds for removal, Lawrence County JVSD states as follows:

## I.    NATURE OF REMOVED ACTION

1.    The removed case is a civil action filed on May 23, 2018 in the Circuit Court of Kanawha County, West Virginia, Civil Action No. 18-C-677 and captioned *Korey Blayke Cyfers, on behalf of himself, and others similarly situated v. Collins Career Center d/b/a Collins Career Technical Center, Board of Directors Collins Career Center d/b/a Collins Career Technical Center,*

*and West Virginia Fire Commission, Office of the State Fire Marshall* ("State Court Civil Action").

In accordance with 28 U.S.C. § 1446(a), a copy of the docket sheet and a copy of all process,

pleadings and orders served in the State Court Civil Action are attached hereto as "**Exhibit A**."

2.     Plaintiff, Korey Blayke Cyfers, alleges to be a West Virginia resident. *See* Compl.,

attached as **Exhibit B**, at ¶ 9.

3.     Plaintiff brings this Complaint seeking class certification on behalf of a class

"consisting of both former students, and current students of CCC [Collins Career Center]." *See*

Compl., at ¶ 3. Plaintiff further asserts "Plaintiffs are also residents of West Virginia and attempted

to sit for the test to begin their career in the State of West Virginia (Charleston)." *See* **Ex. B**., at ¶

15.

4.     "Collins Career Center" is an Ohio public career and technical school – a school

chartered under the Ohio Department of Higher Education and the Ohio Department of Education.

5.     "Collins Career Center" is operated by the Lawrence County Joint Vocational School

District – a public school district of the State of Ohio and part of the Ohio Department of Education.

6.     Lawrence County Joint Vocational School District is a political subdivision of the

State of Ohio. *See* O.R.C. Ann. § 2744.01(F) (defining "political subdivision" as "a municipal

corporation, township, county, ***school district***, or other body corporate and politic responsible for

governmental activities in a geographic area smaller than that of the state." (emphasis added).

7.     The West Virginia Fire Commission, Office of the Fire State Marshall (hereinafter

West Virginia Fire Commission) is an agency of the State of West Virginia within the Department of

Military Affairs and Public Safety.

2

## II.    TIMELINESS OF REMOVAL

8.    In accordance with 28 U.S.C. § 1446(b)(3), this *Notice of Removal* ("Notice") is filed within thirty (30) days after the receipt by Lawrence County JVSD, through service or otherwise, of a copy of the initial Complaint filed in the State Court Civil Action. *See* **Ex. A**. Lawrence County JVSD was served with a copy of the Summons and Complaint on June 6, 2018 through the West Virginia Secretary of State. *Id.*

## III.    VENUE IS PROPER

9.    Venue lies in the United States District Court for the Southern District of West Virginia pursuant to 28 U.S.C. § 1441(a) because the civil action was brought in the Circuit Court of Kanawha County, West Virginia.

## IV.    BASIS OF REMOVAL

10.    The United States District Court for the Southern District of West Virginia has original jurisdiction over this matter because: (1) there exists complete diversity between Plaintiff, Korey Blayke Cyfers ("Plaintiff") and Lawrence County JVSD in this action[1]; (2) the amount in controversy satisfies the jurisdictional minimum; (3) Plaintiff has fraudulently joined the West Virginia Fire Commission; and (4) the West Virginia Fire Commission is a nominal party and, as such, should not be considered by this Court for jurisdiction purposes.

### A.    There is complete diversity between Plaintiff and Lawrence County JVSD.

11.    This case involves citizens of different states.

---

[1] For purposes of diversity jurisdiction, the West Virginia Fire Commission, Office of the State Fire Marshall – a West Virginia State Agency – is not a citizen of any state. *See Postal Telegraph Cable Co. v. Alabama*, 155 U.S. 482, 487 (1894); *Minnesota v. Northern Securities Co.*, 194 U.S. 48, 63 (1904). *See also, Roche v. Lincoln Prop. Co.*, 175 Fed. Appx. 597 (4th Cir. 2006); *Martin Sales & Processing v. West Virginia Dept. of Energy*, 815 F. Supp. 940 (S.D.W. Va. 1993). However, the West Virginia Fire Commission is not only a fraudulently joined defendant but also a nominal party and should not be considered by this Court for determining diversity jurisdiction.

12.    Plaintiff is a resident of West Virginia. *See* **Ex. B**, ¶ 9.

13.    Lawrence County JVSD is a political subdivision of the State of Ohio and a citizen of the State of Ohio for diversity purposes. *See* O.R.C. Ann. § 2744.01(F) (defining "political subdivision" as "a municipal corporation, township, county, ***school district***, or other body corporate and politic responsible for governmental activities in a geographic area smaller than that of the state." (emphasis added). *See also*, *Moor v. Cty. of Alameda*, 411 U.S. 693, 717-18, 93 S. Ct. 1785, 1800 (1973) (holding a political subdivision of a State is a citizen of the State for diversity purposes); *Bullard v. City of Cisco*, 290 U.S. 179 (1933); *Loeb v. Columbia Township Trustees*, 179 U.S. 472, 485-486 (1900); *Chicot County v. Sherwood*, 148 U.S. 529, 533-534 (1893); *Lincoln County v. Luning*, 133 U.S. 529 (1890); *Cowles v. Mercer County*, 7 Wall. 118 (1869).

14.    The West Virginia State Fire Commission, Office of the State Fire Marshall is a fraudulently joined party and a nominal party. Therefore, this Court should not consider West Virginia State Fire Commission, Office of the State Fire Marshall in its determination of diversity jurisdiction. *See West Virginia ex rel. McGraw v. 3M*, 354 F.Supp.2d 660 (S.D.W. Va. 2005) (wherein the Court analyzed the "fraudulent joinder" argument asserted by Defendants in support of removal despite the State of West Virginia being the named plaintiff). *See also, Lewis v. Armstrong Steel Erectors,* 992 F.Supp. 842 (S.D.W. Va. 1998) (a complaint is timely removed if a claim of fraudulent joinder is asserted against the named State entity); *Batton v. Ga. Gulf*, 261 F.Supp.2d 575, 596 (M.D.La. 2003) (stating a state may be ignored for diversity jurisdiction if it has been fraudulently joined); *Reinhardt v. Montana Human Rights Bureau*, No. CV-10-27-H-CCL, 2010 U.S. Dist. LEXIS 133668, at *2 (D.Mont. Dec. 17, 2010) (stating that States do not have citizenship for diversity purposes; however, an exception to this rule exists where the state actor "is a nominal party with no real interest…"); *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461, 100 S.Ct. 1779 (1980)

(stating courts must ignore nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy).

15.    Moreover, Plaintiff has not served the State Court Complaint on the West Virginia State Fire Commission, Office of the State Fire Marshall.[2]

**B.    The amount in controversy exceeds $75,000.00.**

16.    The amount in controversy exceeds the jurisdictional minimum of $75,000.00; therefore, this Court maintains subject matter jurisdiction over this case.

17.    To meet the amount in controversy threshold in its *Notice of Removal*, the removing party needs to only include a "plausible allegation that the amount in controversy exceeds the jurisdictional amount." *Dart Cherokee Basin Operating Co., LLC, v. Owens*, 135 S. Ct. 547, 555 (2014).

18.    Plaintiff's Complaint attempts to assert a purported class action on behalf of Plaintiff and "all persons who: (1) took classes at [Collins]; (2) were told it was an accredited school; (3) were denied application to sit for the test to become an electrical journeyman; (4) forced to pay [Collins] and/or student loans, and/or (5) has attended [Collins] for electrical certifications." *See*, **Ex. B**, at ¶ 2.  Plaintiff expects the purported class to "exceed 120 members." *See Id.* at ¶ 5. Plaintiff further alleges that Plaintiffs have paid "thousands of dollars" to Collins, have suffered monetary loss, loss of income, loss of employment opportunities, loss of educational opportunities, among others, and further seeks both compensatory and punitive damages. *Id.* at ¶¶ 25, 28, 31, 40, 51, 56, 59, 67, 71-73.

---

[2] In addition to failing to serve the West Virginia Fire Commission, Office of the State Fire Marshall at the time of this Notice, Plaintiff has also failed to follow all pre-suit notice requirements for initiating a civil action against a state agency pursuant to W. Va. Code § 55-17-3(a).

**C.    The West Virginia Fire Commission, Office of the State Fire Marshall is a fraudulently joined defendant.**

19.    Diversity jurisdiction is typically determined from the face of the plaintiff's well-pled complaint. *Ashworth v. Albers Medical, Inc.*, 395 F. Supp.2d 395, 402 (S.D. W.Va. 2005).  An exception to the well-pled complaint rule is the doctrine of fraudulent joinder. *Id.*  In the context of diversity jurisdiction, under fraudulent joinder, a district court can disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse defendants and thereby retain jurisdiction. *Mayes v. Rapoport*, 198 F.3d 457, 460 (4th Cir. 1999); *Wyatt v. Charleston Area Med. Ctr., Inc.*, 651 F.Supp.2d 492, 496 (S.D. W.Va. 2009).

20.    Under the doctrine of fraudulent joinder, a fraudulently joined defendant is a defendant against whom no possible successful cause of action can be asserted. *Wyatt*, 651 F.Supp.2d at 496; *Ashworth*, 395 F.Supp.2d at 403.  A finding of fraudulent joinder is warranted when the record before the court demonstrates either that "no cause of action is stated against the non-diverse defendant, or *in fact* no cause of action exists." *Ashworth*, 395 F. Supp.2d at 403 *citing Aids Counseling & Testing Centers v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990) (emphasis in original); *Lewis v. Armstrong Steel Erectors,* 992 F.Supp. 842, *844 (S.D.W. Va. 1998) (stating that a finding of fraudulent joinder is warranted when there is no arguably reasonable basis for predicting that state law might impose liability on the facts involved).

21.    In the Complaint, Plaintiff has failed to assert any allegations or causes of action against the West Virginia Fire Commission, Office of the State Fire Marshall.  In fact, the only allegation relating to the West Virginia Fire Commission, Office of the State Fire Marshall relates to the West Virginia Fire Commission, Office of the State Fire Marshall informing Plaintiff he could not sit for the Journeyman's Electrician Exam. *See* **Ex. B**, at ¶ 12.

22.     Plaintiff does not assert any wrongdoing or tortious conduct on the part of the West Virginia Fire Commission, Office of the State Fire Marshall.  Indeed, the Complaint does not assert any cause of action against the West Virginia Fire Commission, Office of the State Fire Marshall. And, even if the Complaint did assert any wrongdoing or tortious conduct on the part of the West Virginia Fire Commission, Office of the State Fire Marshall, Plaintiff has no cause of action against the West Virginia Fire Commission, Office of the State Fire Marshall.  The West Virginia Fire Commission, Office of the State Fire Marshall is an agency of the State of West Virginia and, as such, is immune from any and all claims potentially asserted against it in Plaintiff's Complaint.[3] Therefore, no cause of action exists in fact against the West Virginia Fire Commission, Office of the State Fire Marshall and this Court should ignore the West Virginia Fire Commission, Office of the State Fire Marshall for determining whether diversity jurisdiction is appropriate in this Court.

>         i.     **Plaintiff's Complaint fails to assert any allegations or causes of action against the West Virginia Fire Commission, Office of the State Fire Marshall.**

23.     Plaintiff's Complaint does not assert any specific allegations of wrongdoing, tortious conduct or causes of action against the West Virginia Fire Commission, Office of the State Fire Marshall.  Indeed, Plaintiff's Complaint fails to assert **any** causes of action against the West Virginia Fire Commission, Office of the State Fire Marshall.

24.     Count I of Plaintiff's Complaint is entitled "Breach of Contract."  *See* **Ex. B**, at p. 7. Plaintiff does not assert a breach of contract claim against the West Virginia Fire Commission, Office of the State Fire Marshall. Under West Virginia law, to have a breach of contract claim against the West Virginia Fire Commission, Office of the State Fire Marshall, Plaintiff must

---

[3] *See* Syl. Pt. 7, *Parkulo v. W. Va. Bd. of Probation and Parole*, 199 W. Va. 161, 483 S.E.2d 507 (1996).

establish that a contract exists between Plaintiff and the West Virginia Fire Commission, Office of the State Fire Marshall. *Nance v. Huntington W. Va. Hous. Auth.*, 2017 W. Va. LEXIS 345, at * 13 (W. Va. May 19, 2017). In West Virginia, the elements of breach of contract are (1) a contract exists between the parties; (2) a defendant failed to comply with a term in the contract; and (3) damage arose from the breach. *See Wittenberg v. Wells Fargo Bank, N.A.*, 852 F.Supp.2d 731, 749 (N.D.W. Va. 2012). The Complaint fails to even allege that Plaintiff and the West Virginia Fire Commission, Office of the State Fire Marshall entered into a contract, much less that the West Virginia Fire Commission, Office of the State Fire Marshall breached a contract. As such, Plaintiff does not state a breach of contract claim against the West Virginia Fire Commission, Office of the State Fire Marshall and no cause of action exists.

25.    Count II of Plaintiff's Complaint is entitled "Breach of the Covenant of Good Faith and Fair Dealing." *See* Complaint, at p. 8. Plaintiff does not assert the West Virginia Fire Commission, Office of the State Fire Marshall breached any covenant of good faith and fair dealing. Moreover, under West Virginia law Plaintiff must prove or allege Plaintiff entered into a contract with the West Virginia Fire Commission, Office of the State Fire Marshall to assert a cause of action for this type of claim. *Evans v. United Bank, Inc.*, 235 W. Va. 619, 627, 775 S.E.2d 500, 508 (2015). Plaintiff's Complaint fails to assert a contractual relationship between Plaintiff and the West Virginia Fire Commission, Office of the State Fire Marshall. As such, Plaintiff does not state a breach of any covenant of good faith and fair dealing claim against the West Virginia Fire Commission, Office of the State Fire Marshall and no cause of action exists.

26.    Count III of Plaintiff's Complaint is entitled "Fraud." *See* **Ex. B**, at p. 6. Plaintiff's Complaint does not include any allegation that the West Virginia Fire Commission, Office of the State Fire Marshall committed fraud. Under West Virginia law, Plaintiff must at least identify the

"act claimed to be fraudulent" and identify with specificity how the "plaintiff relied upon it and was justified under the circumstances in relying upon it." *Horton v. Tyree*, 104 W. Va. 238, 242, 139 S.E. 737, 738 (1927); *see also Highmark W. Va., Inc. v. Jamie*, 221 W. Va. 487, 493, 655 S.E.2d 509, 515 (2007). The Complaint fails to identify, either generally or with specificity, any act committed by the West Virginia Fire Commission, Office of the State Fire Marshall that was fraudulent. As such, Plaintiff does not assert any fraud claim against the West Virginia Fire Commission, Office of the State Fire Marshall, and no cause of action exists.

27.    Count IV of Plaintiff's Complaint is entitled "Constructive Fraud." *See* **Ex. B**, at p. 11. Again, the Complaint does not allege or assert a "constructive fraud" claim against the West Virginia Fire Commission, Office of the State Fire Marshall. As such, there is no constructive fraud claim asserted against the West Virginia Fire Commission, Office of the State Fire Marshall and no cause of action exists against the West Virginia Fire Commission, Office of the State Fire Marshall for constructive fraud.

28.    Count V of the Complaint is entitled "Intentional Misrepresentation." *See* **Ex. B**, at p. 13. The Complaint does not allege that the West Virginia Fire Commission, Office of the State Fire Marshall committed any intentional misrepresentation. All of the allegations pertain solely to Lawrence County JVSD. As such, Plaintiff does not assert an "intentional misrepresentation" claim against the West Virginia Fire Commission, Office of the State Fire Marshall and no cause of action exists against the West Virginia Fire Commission, Office of the State Fire Marshall.

29.    Count VI of the Complaint is entitled "Negligent Misrepresentation." *See* **Ex. B**, at p. 14. The Complaint does not allege that the West Virginia Fire Commission, Office of the State Fire Marshall committed any negligent misrepresentation. All of the allegations pertain solely to Lawrence County JVSD. As such, Plaintiff does not assert a "negligent misrepresentation" claim

against the West Virginia Fire Commission, Office of the State Fire Marshall and no cause of action exists against the West Virginia Fire Commission, Office of the State Fire Marshall.

30.    Count VII of the Complaint is entitled "Unjust Enrichment." *See* **Ex. B**, at p. 15. Under West Virginia law, it is "axiomatic that property which is the subject of an unjust enrichment claim must have been acquired by means of fraud or other similar circumstances." *Gaddy Eng'g Co. v. Bowles Rice McDavid Graff & Love, LLP*, 231 W. Va. 577, 587–88, 746 S.E.2d 568, 578 (2013). The Complaint does not allege that the West Virginia Fire Commission, Office of the State Fire Marshall committed any wrongdoing of any kind. All of the allegations pertain solely to Lawrence County JVSD. As such, Plaintiff does not assert an "unjust enrichment" claim against the West Virginia Fire Commission, Office of the State Fire Marshall and no cause of action exists against the West Virginia Fire Commission, Office of the State Fire Marshall.

31.    Count VIII of the Complaint is entitled "Unconscionability." *See* **Ex. B**, at p. 15. alleges unconscionability. Notably, unconscionability is not traditionally a claim, but a contract defense. Regardless, unconscionability is inextricably linked to contracts and breaches thereof. *See, e.g.*, *Mt. State College v. Holsinger*, 230 W. Va. 678, 685, 685 n. 6, 742 S.E.2d 94 (2013). Notwithstanding, the Complaint does not allege that the West Virginia Fire Commission, Office of the State Fire Marshall committed any wrongdoing of any kind. All of the allegations pertain solely to Lawrence County JVSD. As such, Plaintiff does not assert an "unconscionability" claim against the West Virginia Fire Commission, Office of the State Fire Marshall and no cause of action exists against the West Virginia Fire Commission, Office of the State Fire Marshall.

32.    Count IX of the Complaint is entitled "Breach of Fiduciary Duties." *See* **Ex. B**, at p. 15. Under West Virginia law, a "fiduciary relationship is established only when it is shown that the confidence reposed by one person was actually accepted by the other, and merely reposing

10

confidence in another may not, of itself, create the relationship." *Manor Care, Inc. v. Douglas*, 234 W. Va. 57, 77, 763 S.E.2d 73, 93 (2014). The Complaint does not assert any relationship between Plaintiff and the West Virginia Fire Commission, Office of the State Fire Marshall. The Complaint does not allege that the West Virginia Fire Commission, Office of the State Fire Marshall committed any wrongdoing of any kind. All of the allegations pertain solely to Lawrence County JVSD. As such, Plaintiff does not assert a "breach of fiduciary duty" claim against the West Virginia Fire Commission, Office of the State Fire Marshall and no cause of action exists against the West Virginia Fire Commission, Office of the State Fire Marshall.

33.     Count X of the Complaint is entitled "West Virginia Consumer Credit & Protection Act." *See* **Ex. B**, at p. 16. Plaintiff further asserts violations of the West Virginia Consumer Credit and Protection Act, W. Va. Code § 46A-6-101 *et seq.* (the "WVCCPA"). As an initial matter, there is nothing in the WVCCPA which would suggest that it applies to actions of the government. *Cf.* W. Va. Code ¶ 46A-1-105(a)(1) (excluding application of the WVCCPA to government credit). The purpose of the WVCCPA is to regulate business, not government agencies. W. Va. Code § 46A-6-101(1). There are no allegations that the West Virginia Fire Commission, Office of the State Fire Marshall provided any "goods" or "services" to Plaintiff in connection with these claims. *See* W. Va. Code § 46A-1-102(21), (47) (1996). The statutory scheme simply does not apply to the West Virginia Fire Commission, Office of the State Fire Marshall. Moreover, the Complaint does not assert any allegations against the West Virginia Fire Commission, Office of the State Fire Marshall or that it violated the WVCCPA. As such, there is no cause of action asserted against the West Virginia Fire Commission, Office of the State Fire Marshall and no cause of action exists.

34.     Count XI of the Complaint is entitled to "Punitive Damages." *See* **Ex. B**, at p. 18. West Virginia does not recognize an independent cause of action for punitive damages. *Cook v.*

*Heck's, Inc.,* 176 W. Va. 368, 376 n. 3, 342 S.E.2d 453 (1986). Regardless, a state agency, such as

the West Virginia Fire Commission, Office of the State Fire Marshall, is not subject to punitive

damages. *See* W. Va. Code § 55-17-1.

35.    Finally, Count XII of the Complaint is entitled "Duress, Undue Influence and

Economic Loss." *See* **Ex. B**, at p. 18. Evaluation of the claim reveals it is nothing more than a claim

for economic duress, as the majority of the claim asserted is copied and pasted from *Machinery*

*Hauling v. Steel of W. Va.*, 181 W. Va. 694, 384 S.E.2d 139 (1989). Economic duress necessarily

requires a demonstration that Plaintiff was the victim of a "wrongful or unlawful act or threat" which

deprived him "of his unfettered will." *Swiger v. Jones*, 2013 W. Va. LEXIS 534, * 8–9 (W. Va. May

17, 2013); *Machinery Hauling*, 181 W. Va. at 697, 384 S.E.2d at 142. Nothing in the Complaint

identifies how the West Virginia Fire Commission, Office of the State Fire Marshall engaged in such

behavior, or alleges how such behavior would have deprived Plaintiff of his "unfettered will."

Indeed, there is no wrongdoing alleged against the West Virginia Fire Commission, Office of the

State Fire Marshall in the Complaint.

36.    The Complaint does not assert any or even attempt to assert any wrongdoing or cause

of action against the West Virginia Fire Commission, Office of the State Fire Marshall. Therefore,

Plaintiff has failed to state a claim or assert a possibility of a right to relief, much less demonstrate a

"glimmer of hope" for relief against the West Virginia Fire Commission, Office of the State Fire

Marshall. *See Ashworth*, 395 F.Supp.2d at 403.

ii.    **Assuming, *arguendo*, the Plaintiff's Complaint makes allegations against the West Virginia Fire Commission, Office of the State Fire Marshall, the West Virginia Fire Commission, Office of the State Fire Marshall is immune from any and all causes of action asserted by Plaintiff.**

37.    The West Virginia Fire Commission, Office of the State Fire Marshall is a West

Virginia state agency and, as such, is immune from any and all claims that could reasonably be

construed against it in Plaintiff's Complaint. In West Virginia, to the extent a cause of action arises from judicial, legislative, executive or administrative policy-making acts or omissions, both the State (and its agencies) and the official involved are absolutely immune from liability pursuant to Syl. Pt. 7, *Parkulo v. W. Va. Bd. of Probation and Parole*, 199 W. Va. 161, 483 S.E.2d 507 (1996). *W. Va. Reg'l Jail & Corr. Facility Auth. v. A.B.*, 234 W. Va. 492, 507, 766 S.E.2d 751, 767 (2014). Pursuant to *Parkulo*, "[t]he common law immunity of the State in suits brought under the authority of W. Va. Code §29-12-5 with respect to judicial, legislative, and executive (or administrative) policy-making acts and omissions is absolute and extends to the judicial, legislative, and executive (or administrative) officials when performing those functions." Syl. Pt. 7, *Parkulo*, 199 W. Va. 161.

38.    The West Virginia Fire Commission, Office of the State Fire Marshall is absolutely immune from any claims that could be construed from Plaintiff's Complaint. The only allegation related to the West Virginia Fire Commission, Office of the State Fire Marshall is that the West Virginia Fire Commission, Office of the State Fire Marshall advised Plaintiff he could not sit for the journeyman electrician's licensure exam because he did not satisfy the pre-requisites for the exam. The West Virginia Fire Commission, Office of the State Fire Marshall's administrative actions are within the immunity provided to this state agency.

39.    There are absolutely no allegations in Plaintiff's Complaint against the West Virginia Fire Commission, Office of the State Fire Marshall much less any allegations that would remove the West Virginia Fire Commission, Office of the State Fire Marshall's absolute immunity for judicial, legislative, and executive (or administrative) policy-making acts and omissions. Accordingly, Plaintiff has no cause of action against the West Virginia Fire Commission, Office of the State Fire Marshall and this Court should completely disregard the West Virginia Fire Commission, Office of the State Fire Marshall in making its determination as to whether diversity jurisdiction exists.

        **iii.**     **Plaintiff has failed to follow pre-suit notice requirements established by W. Va. Code § 55-17-3(a) and all claims against the West Virginia Fire Commission, Office of the State Fire Marshall should be dismissed.**

40.     The West Virginia Fire Commission, Office of the State Fire Marshall is an agency of the State of West Virginia.  As such, Plaintiff is required to serve the West Virginia Fire Commission, Office of the State Fire Marshall Notice of any potential claims at least thirty (30) days prior to the filing of any civil action.  Specifically, W. Va. Code § 55-17-3(a) states, in pertinent part, "…at least thirty days prior to the institution of an action against a government agency, the complaining party or parties must provide the chief officer of the government agency and the Attorney General written notice, by certified mail, return receipt requested, of the alleged claim and the relief desired…"  W. Va. Code § 55-17-3 (2008).

41.     The West Virginia Supreme Court of Appeals has stated that "[c]ompliance with the pre-suit notification provisions set forth in W. Va. Code § 55-17-3(a) is a jurisdictional pre-requisite for filing an action against a State agency…"  Syl. Pt. 3, *Motto V. CSX Transp., Inc.*, 220 W. Va. 412, 647 S.E.2d 848 (2007).

42.     In this case, Plaintiff has failed to file the appropriate notices with respect to any claims asserted against the West Virginia Fire Commission, Office of the State Fire Marshall. Plaintiff's Complaint is devoid of any allegation that Plaintiff complied with the pre-suit notice requirements.  Therefore, no cause of action exists as to Plaintiff's claims against the West Virginia Fire Commission, Office of the State Fire Marshall (if any are even asserted).

**D.**     **The West Virginia Fire Commission, Office of the State Fire Marshall is a nominal party and, as such, should be disregarded by this Court in making its jurisdictional determination.**

43.     Alternatively, this Court should disregard the West Virginia Fire Commission, Office of the State Fire Marshall in reaching its jurisdictional determination because, if the Complaint

14

asserts any allegations against the West Virginia Fire Commission, Office of the State Fire Marshall, the West Virginia Fire Commission, Office of the State Fire Marshall is a nominal party and merely included to substantiate Plaintiff's allegations against Lawrence County JVSD.

44.     In making a diversity jurisdiction determination, courts must consider only real and substantial parties to the controversy and must disregard the suit's nominal or formal parties. *See Conrad v. Ocwen Loan Servicing, LLC*, 2017 U.S. Dist. LEXIS 116592, Civil Action No. 1:17-cv-53 (N.D.W. Va. 2017), *citing Hughes v. Wells Fargo Bank, N.A.*, 617 F.App'x 261, 263–264 (4th Cir. 2015) (unpublished) (internal citations omitted).  "Nominal" means simply a party having no immediately apparent stake in the litigation either prior to or subsequent to the act of removal.  In other words, the key inquiry is whether the suit can be resolved without affecting the non-consenting nominal defendant in any reasonably foreseeable way.  *Conrad*, 2017 U.S. Dist. LEXIS 116592 *citing Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 260 (4th Cir. 2013).

45.     Plaintiff's Complaint seeks no relief whatsoever from the West Virginia Fire Commission, Office of the State Fire Marshall.  All of the wrongful conduct alleged therein involves the alleged actions, or alleged inactions, of Lawrence County JVSD.  Further, Plaintiff has not served the West Virginia Fire Commission, Office of the State Fire Marshall and, more importantly, has not followed the mandatory pre-suit notice requirements established in W. Va. Code § 55-17-3. Accordingly, the Complaint and Plaintiff's actions with respect to the West Virginia Fire Commission, Office of the State Fire Marshall demonstrate that the West Virginia Fire Commission, Office of the State Fire Marshall is a nominal party and, as such, should be disregarded in this Court's jurisdictional analysis.

## IV.    STATEMENT OF CONSENT TO REMOVAL

46.    In accordance with 28 U.S.C. § 1446(b)(2)(A), Lawrence County JVSD states that, as the only Defendant served process of the Complaint, it does not need to seek the consent of the West Virginia Fire Commission, Office of the State Fire Marshall in order to file this Notice of Removal. *See Wolfe v. Green*, 660 F.Supp.2d 738 (S.D. W. Va. 2009) (stating that an exception to the rule of unanimity applies "where less than all defendants have been served at the time of removal.").

## V.    CONCLUSION

WHEREFORE, for the reasons stated herein, Lawrence County JVSD removes this action now pending in the Circuit Court of Kanawha County, West Virginia, Civil Action No. 18-C-677, to this Honorable Court.

Dated this 5th day of June, 2018.

> **COLLINS CAREER CENTER D/B/A COLLINS CAREER TECHNICAL CENTER, BOARD OF DIRECTORS COLLINS CAREER CENTER D/B/A COLLINS CAREER TECHNICAL CENTER**
>
> **By Counsel:**
>
> *s/Matthew A. Nelson*
> LEWIS BRISBOIS BISGAARD & SMITH LLP
> Matthew A. Nelson (WVSB 9421)
> David A. Bosak (WVSB 11947)
> David L. Shuman, Jr. (WVSB 12104)
> 222 Capitol Street, Fifth Floor
> Charleston, West Virginia 25301
> (304) 553-0166
> *Matt.Nelson@lewisbrisbois.com*
> *Dave.Bosak@lewisbrisbois.com*
> *David.Shuman@lewisbrisbois.com*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT CHARLESTON**

**KOREY BLAYKE CYFERS, on behalf**
**of himself, and others similarly situated,**

       **Plaintiffs,**

                                               2:18-cv-1127

**v.**

**COLLINS CAREER CENTER D/B/A**
**COLLINS CAREER TECHNICAL CENTER,**
**BOARD OF DIRECTORS COLLINS CAREER CENTER**
**D/B/A COLLINS CAREER TECHNICAL CENTER, AND**
**WEST VIRGINIA FIRE COMMISSION,**
**OFFICE OF THE STATE FIRE MARSHALL,**

       **Defendants.**


**<u>CERTIFICATE OF SERVICE</u>**

    I, Matthew A. Nelson, do hereby certify that on this 5th day of July, 2018, the foregoing

**"NOTICE OF REMOVAL"** was served on counsel of record by placing true and exact copies of

same in the United States Mail, postage prepaid, as follows, and was electronically filed with the

Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to, and

constitutes service on:

                      D. Adrian Hoosier, II, Esquire
                      Lord Hoosier, PLLC
                      225 Hale Street
                      Charleston, WV  25301

                      Anthony J. Majestro, Esquire
                      Powell & Majestro, PLLC
                      405 Capitol Street, Suite P-1200
                      Charleston, WV  25301

*s/Matthew A. Nelson*
Matthew A. Nelson (WVSB 9421)
LEWIS BRISBOIS BISGAARD & SMITH LLP
222 Capitol Street, Fifth Floor
Charleston, West Virginia  25301
(304) 553-0166
*Matt.Nelson@lewisbrisbois.com*