KOREY BLAYKE CYFERS on behalf of
himself, and others similarly
situated,

Plaintiff,

v.                                    Civil Action no. 2:18-cv-01127

COLLINS CAREER CENTER, d/b/a
Collins Career Technical Center;
BOARD OF DIRECTORS COLLINS CAREER
CENTER, d/b/a Collings Career
Center; WEST VIRGINIA FIRE
COMMISSION, OFFICE OF THE
STATE FIRE MARSHAL,

Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending is a motion to transfer venue to the United
States District Court for the Southern District of Ohio, filed
by defendant Lawrence County Joint Vocational School District
("Lawrence County JVSD") on August 6, 2018.

Lawrence County JVSD, which is a public school
district located in Lawrence County, Ohio, is named in the
complaint as "Collins Career Center d/b/a Collins Technical
Center" and "Board of Directors Collins Career Center d/b/a
Collins Career Technical Center."  That is the name of a school
operated by Lawrence County JVSD in Chesapeake, Ohio.  The
plaintiff has filed a response to the motion, to which the

defendant has replied.

## I. Factual and Procedural Background

Plaintiff Korey Blayke Cyfers, on behalf of himself and others similarly situated, brings this action against the defendant, Lawrence County JVSD. Cyfers and his purported class consist of "all persons who: (1) took classes at [Collins Career Center ("CCC")]; (2) were told it was an accredited school [for purposes of taking the West Virginia electrical journeyman exam]; (3) were denied application to sit for the [West Virginia] test to become an electrical journeymen [sic], (4) forced to pay CCC and/or student loans, and/or (5) has attended CCC for electrical certifications." (Compl. ¶ 2). Cyfers alleges that he enrolled at the Collins Career and Technical Center, which is located in Chesapeake, just across the Ohio River from Huntington, West Virginia, upon their representation that it was an approved West Virginia vocational technology program that would allow him to sit for the West Virginia electrical journeyman exam. Id. at ¶ 11. When Cyfers attempted to take the exam, he was informed by the Office of the West Virginia Fire Marshal ("WVFM") that the Lawrence County JVSD program was not accredited and that he therefore had not completed the exam prerequisites. Id. at ¶¶ 11-14.

Cyfers brought this action in the Circuit Court of Kanawha County, alleging twelve causes of action against Lawrence County JVSD and the West Virginia Fire Commission, Office of the State Fire Marshal: (1) Breach of Contract, (2) Breach of the Covenant of Good Faith and Fair Dealing, (3) Fraud, (4) Constructive Fraud, (5) Intentional Misrepresentation, (6) Negligent Misrepresentation, (7) Unjust Enrichment, (8) Unconscionability, (9) Breach of Fiduciary Duties, (10) West Virginia Consumer Credit and Protection Act violations, (11) Punitive Damages, (12) Duress, Undue Influence and Economic loss.  Id. at 6.

Defendant Lawrence County JVSD removed the case to federal court pursuant to diversity jurisdiction on July 5, 2018.  Defendant West Virginia Fire Commission, Office of the State Fire Marshal was not considered by Lawrence County JVSD in the removal notice as it was said to be a fraudulently joined defendant and nominal party.  All claims against West Virginia Fire Commission, Office of the State Fire Marshal were dismissed pursuant to an Agreed Order entered September 5, 2018. (ECF # 16).

Lawrence County JVSD now seeks to transfer this case to the United States District Court for the Southern District of Ohio "in the interest of justice and the convenience of the

parties." (Memorandum of Law in Support of Defendant Lawrence
County Joint Vocational School District's Motion to Transfer,
ECF # 8, at 1). Defendant contends that transfer is appropriate
because:

> All of the alleged conduct in the Complaint occurred
> in the State of Ohio. The gravamen of the Complaint
> arises from the alleged breach of a contract by
> Lawrence County JVSD and Plaintiff, and alleged
> conduct arising out of Plaintiff's education at
> Collins Career Center. All relevant witnesses, with
> the possible exception of Plaintiff, are residents of
> Ohio.

Id. at 4.

## II. Legal Standard

Section 1404(a) governs the transfer request. It
provides pertinently as follows:

> For the convenience of parties and witnesses, in the
> interest of justice, a district court may transfer any
> civil action to any other district . . . where it
> might have been brought.

28 U.S.C. § 1404(a). A civil action may be brought in "a
judicial district in which a substantial part of the events or
omissions giving rise to the claim occurred." 28 U.S.C. §
1391(b)(2). As will be seen, each the Southern District of Ohio
and the Southern District of West Virginia qualify under §
1391(b)(2) as events giving rise to the claim occurred in both.

4

A section 1404(a) transfer is guided by the consideration of a number of "case-specific factors." <u>Stewart Org., Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 29 (1988).  Important factors to be considered include "(1) ease of access to sources of proof; (2) the convenience of parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the possibility of a view; (6) the interest in having local controversies decided at home; and (7) the interests of justice." <u>AFA Enters., Inc. v. American States Ins. Co.</u>, 842 F. Supp. 902, 909 (S.D. W. Va. 1994) (citing <u>Gulf Oil Corp. v. Gilbert</u>, 330 U.S. 501, 508 (1947)).

A plaintiff's forum selection is accorded substantial weight.  <u>Collins v. Straight, Inc.</u>, 748 F.2d 916, 921 (4th Cir. 1984).  "The movant . . . bears the burden of showing the propriety of the transfer." <u>AFA</u>, 842 F. Supp. at 909.  Indeed, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." <u>Gulf Oil Corp.</u>, 330 U.S. at 508.  The motion "will be denied if it would merely shift the inconvenience from the defendant to the plaintiff." <u>AFA</u>, 842 F. Supp. at 909.

### III. Discussion

The defendant has not overcome the burden of showing the propriety of transfer in this case. As a substantial part of the events occurred at the Collins Career and Technical Center in Chesapeake, Ohio, the case may have been brought in the Southern District of Ohio. However, considering the weight given to the plaintiff's forum choice and the weight of the factors, the court does not find that transfer is appropriate.

Regarding the first factor, it would appear that the parties may have better access to some of the proof sources in the Southern District of Ohio in that many of the events underlying the case took place in Lawrence County at the outset. Events apparently occurring outside of Ohio were plaintiff's interactions with the WVFM, his attempt to take the electrical journeyman exam, and Lawrence County JVSD's actions "when they solicited the Plaintiffs to enroll" in their program (Compl. ¶ 57), which, presumably, occurred in the Southern District of West Virginia. Ease of access of proof, therefore, weighs slightly in favor of transfer.

The second factor, however, weighs against transfer. Regarding the convenience of the parties, plaintiff and his purported class, expected by plaintiff to "exceed 120 members" (Compl. ¶ 5), are residents of West Virginia while the defendant

is located in Lawrence County, Ohio.  Either venue would require one of the parties to travel across state lines.

Regarding convenience of non-party witnesses, "[t]he party asserting witness inconvenience has the burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable the court to assess the materiality of evidence and the degree of inconvenience."  <u>United Bankshares, Inc. v. St. Paul Mercury Ins. Co.</u>, No. 6:10-CV-00188, 2010 WL 4630212, at *11 (S.D.W. Va. Nov. 4, 2010) (quoting <u>Samsung Elec. Co, Ltd., v. Rambus, Inc.</u>, 386 F.Supp.2d 708, 718 (E.D.Va.2008)).

Defendant relies heavily on the contention that "many, if not all, of the relevant witnesses are residents of the State of Ohio" (ECF # 8 at 8-9), yet provides little further to assist the court in weighing the convenience of the witnesses.  <u>See</u> <u>Michael v. Wyeth, LLC</u>, No. 2:04-CV-0435, 2011 WL 1807575, at *2 (S.D.W. Va. May 11, 2011) (finding that the movant did not meet their burden for the second factor because "defendants do not provide the court with any indication as to the materiality of these witness' testimony, their willingness to travel to the Southern District, the inconvenience that may result therefrom, or even which witnesses they plan on calling to testify at trial.").  While the defendant provides the identities of the

Lawrence County JVSD Board of Education members and the Collins Career Center electricity teachers in an affidavit attached to its motion, it fails to state whether and to what extent these individuals will be called as witnesses. (ECF # 7 Ex. A). Nor does it state where within the state of Ohio these individuals reside or the extent of any inconvenience to them to travel to the Southern District of West Virginia. Id.

In fact, insofar as many of the witnesses are "employees of Lawrence County JVSD" (ECF # 8 at 8), the court observes that travel from Chesapeake, Ohio, to Charleston, West Virginia (nearly sixty miles) would be considerably more convenient than travel from the same area to the federal courthouse in Cincinnati, which is the division of the Southern District of Ohio in which Lawrence County is located. Notably, the distance from Chesapeake to Cincinnati is approximately one hundred fifty miles. It thus appears that the Southern District of West Virginia is, in fact, the more convenient forum. Indeed, if the court were to conduct the trial in this matter at the federal courthouse in Huntington, a Chesapeake resident would merely need to cross the Ohio River into downtown Huntington where the federal courthouse is only a mile from the Chesapeake border and less than ten miles from the Collins Career Center. If Charleston is the site of trial, it is only

another fifty-some miles away. That is far more convenient to all witnesses, those in Ohio and West Virginia, than Cincinnati. Accordingly, as it appears to the court that the Southern District of West Virginia is plainly the more convenient forum for both parties and their witnesses, the second factor and for the same reasons the third factor, weigh heavily against transfer.

Similar reasoning applies to the fourth factor. The federal rules of civil procedure provide: "A subpoena may command a person to attend a trial, hearing, or deposition only . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person"; and, as a practical matter, a subpoena may command the presence at trial of anyone within the state. Fed. R. Civ. P. 45(c)(1)(A), (B)(ii). The defendant has not proffered that any of its witnesses would not be subject to subpoena in the Southern District of West Virginia, or even that compulsory process would be necessary to obtain relevant testimony. Inasmuch as Charleston is less than sixty miles from Chesapeake, and the Southern District of Ohio courthouse in Cincinnati is one hundred fifty miles from Chesapeake, it appears that compulsory process would not be better served in the Southern District of Ohio.

The sixth factor may weigh marginally in favor of transfer. Considering that the Lawrence County JVSD is a public school district within the Ohio Department of Education, Ohio certainly has an interest in the litigation. Yet, inasmuch as plaintiff alleges that Lawrence County JVSD deliberately misled numerous West Virginia residents regarding their WVFM accreditation, it cannot be said that West Virginia has no interest in resolving this matter.

Finally, it does not appear that the interests of justice would be better served in the Southern District of Ohio. Moreover, the court notes, with recognition that "no consideration is given to the convenience of counsel[,]" Original Ceatine Patent Co. v. Met-Rx USA, Inc., 387 F. Supp. 2d 564, 571 (E.D. Va. 2005), that both parties, including Lawrence County JVSD, retained counsel in Charleston, West Virginia for this case.

Accordingly, given the weight of plaintiff's choice of forum, and the court's assessment that the balance of the pertinent factors tips decidedly in plaintiff's favor, the court concludes that disturbance of the plaintiff's choice of forum is not warranted. It is ORDERED that defendant's motion to transfer be, and it hereby is, denied.

The Clerk is requested to transmit this opinion and order to all counsel of record and to any unrepresented parties.

DATED: October 23, 2018

John T. Copenhaver, Jr.
United States District Judge